First of all, I'd like to point out that the petitioner is now eligible for adjustment of status because the five years have passed. He has accrued the five years. We did mention that in the supplemental brief. Under 42B of the INA, nothing says, it doesn't say anything other than the five years passing since his VR order. Well, it would have been nice if you'd thought of that argument, wouldn't it? Very. Thank you. I appreciate the court for the supplemental briefing schedule. The respondent will argue that the court has no jurisdiction because the argument wasn't made at the lower level. The problem with that is he didn't accrue the five years until May of 2003. The petition for review was filed in October 2002, so it couldn't have been made at the lower level. Well, let's stop right there, then. What do we do next? What's your best argument next on what we do? You obviously have this five-year situation. You say you couldn't have done it before. What do we do now? Remand it to the lower court, to the immigration judge, for adjustment of status. He's still married to a U.S. citizen. He has no bars, no convictions. Nothing else applies other than the fact that he's eligible for adjustment of status. But based on the underlying motion to reopen, it wasn't effective. Have you talked to the government about doing that? I have. And I called the government attorney, and they said they were going to speak to their client, and I have not heard back, so we're here today. But as far as the underlying motion to reopen made by his first attorney, Mr. Daniel Anaya, it was an effect of assistance of counsel. He did several things wrong. He filed I-130 with the district director, along with the adjustment package. When he should have filed it at the I-130 unit, whenever someone's in proceedings and an NTA has been issued or an OSC, the I-130 unit has to have the jurisdiction, because they do an in-depth interview because of the presumption of fraud. He didn't do this. They were married at least significant time before the BAA denial, and the adjustment package with the marriage certificate and the I-130 was filed a month before the BAA decision. Basically, and he would have had another 30 days to get an approved I-130. If he could have just gone to the supervisor and said, look, I have an appeal pending. I need an I-130 interview at your earliest convenience, and he could have got it done. Then he filed the I-485 in the wrong place, which was later returned because the district director stamped it in jurisdiction stands with the EOIR. And then thirdly, he didn't file a Ninth Circuit Court of Appeals brief, a petition for review. And basically in practice right now, the district director is, their policy is you have to file a Ninth Circuit brief in these kind of situations to avoid matter of char. So practitioners, and even if you don't want to file a Ninth Circuit brief, and we just want to proceed on adjustment of status, district director's policy is you have to take the BAA appeal, find a Ninth, file a Ninth Circuit, and then even while your motion to remand is pending, that will take you out of matter of char. So that may be clogging up your caseload. So I don't agree with that policy. Even if the previous attorney didn't get an approved I-130, didn't push for an I-130 interview within the four months, he still should have filed, he still would have filed I-130 even without the approval at the BAA with the I-485, and it wouldn't have, at that time they were following matter of Arthur, which required an approved I-130. And even if that motion to reopen was denied, it would have been easy to reopen it because I could have, as soon as Viardi-Pacheco came out, I could have said, look, change of case law, this motion should have been granted under new case law, and BAA routinely grants these motions. And that's what I think should have happened. I think it was clearly ineffective assistance counsel. I think he was damaged, and I think that regardless of all that, he's eligible for adjustment of status, and it should be remanded to the lower court for adjustment. I reserve the rest of my time. If you have any questions, of course. Is what – I'm just – we have too many immigration cases today. I'm trying to zero in. He's been here since 1992. Correct. And he's seeking adjustment of status. Correct. Which he could get now because there's a certain time element, but we're in the wrong posture. Correct. What other significance is there in his case that we should be looking at? How do you mean? Well, you know, the other cases you've got smuggling and everything. There's nothing in your client's record that I can tell he did anything at all. I mean, he overstayed. Is that right? Correct. There's no convictions. There's no bar. There's no adverse effect. He just overstayed. He pays his taxes. He's still married. He's a fine, upstanding citizen other than he has this problem. Okay. Thank you. Thank you. Good morning again, Your Honors. My name is Jackie Dryden for the Record. With regard to proper disposition of this case, the government submits that this Court should decide the case on the record currently before it, and that would mean affirming the Board of Immigration Appeals decision denying Mr. Bellos-Moros' motion to reopen to apply for adjustment of status. Well, then he's denied. He can't file another one, right? You're entitled to one motion to reopen. Am I wrong? No, Your Honor. You're absolutely correct. Okay. And with limited circumstances. There are limited circumstances in which a petition, an alien could apply. But this would not be one of them. Your Honor, the exceptional circumstances include asylum, if he didn't receive notice, or if he can get the INS to join in a motion to reopen his proceedings. Now, would they join? I don't know, Your Honor. The record shows that they've already opposed one motion to reopen because of time and number bars and because of ineligibility for adjustment of status. And ineligibility for adjustment of status. I do want to point out, this is not an ineffective assistance of counsel claim, as opposing counsel would suggest. He raised that in the brief, and then he said he was not going to pursue that. So I think it's a little misleading to characterize what happened to Mr. Velazmaro as an ineffectual. I understand all that. I'm going into my spitting into no man's land here again because in this case, it seems like there's only one thing driving this, and that is because of circumstances the way his claim was filed and timing, and because we can't get folks out of the country when we allegedly want them out, the time has run. And so on his side, he's got the fact that he's now eligible, but because of regulations and law, we're going to say, no, you didn't do it right, and you let the time run, and because of our system that doesn't work too well, you've now become eligible, but you can't get the eligible, you can't get there from here. I think that's where I am. I understand your concern, but prior to the ---- Well, the concern is a fact. I mean, time running because of our system puts people in different ---- every day they go into a different category, and this folk, this fellow did exactly that. Now, I'm not saying it's right or wrong. I just find myself in no man's land because if we apply it strictly, he goes. If we don't apply it strictly, I don't even know how he gets his five years because time has run, not because of him necessarily, but because the system allows this thing to go on. Your Honor, even before that, though, Mr. Velesmaro overstayed his voluntary departure order. He promised he would leave the United States. But they didn't get him out. See, that's the whole point. What's the purpose of the five years? We don't have a case on this either. I'm not ---- I know. We do have cases on this. What would we apply to show that because he didn't leave or he didn't ---- because of all of what he's done, he can no longer now get the advantage of five years because the time has run? You're right, Your Honor, that case ---- I don't ---- that issue has not been ---- Well, the 242E, but there are ---- It's very similar to that about what stops the five, what stops certain times running to give you benefits. I don't find anything on this one. Not on the 242BE, as you discussed in the supplemental order. But Mr. Velesmaro had an opportunity to apply for relief. What he had to do, he was the spouse of a U.S. citizen. All he had to do was comply with his order of voluntary departure, as he promised he would, leave the United States, file a visa petition to reenter the United States as the immediate relative of a United States citizen. He had the capability to do all this and to do it in a lawful manner. The problem is Mr. Velesmaro overstayed his voluntary departure order, and it almost sounds like there's an expectation that we're supposed to have Border Patrol agents chasing down these aliens. But the problem is Mr. Velesmaro promised he was going to leave. He said, I will go. I will comply with this voluntary departure order. What you're saying is the Court should write an opinion that says we have laws, and you're given certain rights under those laws, and if you follow them rightly, you'll get some relief. But if you make your own laws up and stay around and hope that the law will change to keep you here, you're not going to get any relief. I would add the caveat to the beginning that you might get relief. You might not get relief. You might be able to go through the process. And the alternative to that is make up your own rules, just stay low profile, stay in the United States, or use whatever tactics you want, and then maybe something will pop up to give you another cause of action to try to get back in. Well, that's exactly what Mr. Velesmaro is attempting to do. But I think that interferes with the note. You know, there's immigration processing rules for reasons, and it is, you know, it's overwhelming. There's several aliens in the United States that are here illegally. Some are trying to enter the United States legally. And we can't bump Mr. Velesmaro ahead of the game when he's flouted the immigration laws and now wants to maintain that he's eligible for some sort of relief when he's not. Well, are you saying then if somehow he could bring this claim now to say I've been here five years, he would bypass the normal process, which might cut off or disrupt the people who are working the process correctly in quotas or whatever to get in? I would say yes, Your Honor. Well, it has no effect on anybody else. Well, it might because there's going to have to be a person to interview Mr. Velesmaro to make sure that his adjustment application, that he is still eligible for adjustment of status. All of these processes take time, and it will interrupt some other person who's in the United States in a lawful manner. Again, back again to the system doesn't work. So unless you do the rules exactly right, interference with the system is enough to say that we're going to have to adhere to the strict application of the law. Exactly, Your Honor. I think I really don't have any further anything else. Anything else from the Court? You can save your three and a half minutes for your next oral argument before the Court. I can say, oh, good. I get 13 minutes? Yeah. Thank you, Your Honor. Just remind me. I might need it. You have wireless credits to carry over. Thank you, Your Honor. Roll over. I really have a problem with what I was trying to see what the government had to say. It seems as though that what's being driven here, the system doesn't work too well in handling these things. And the time element keeps changing the picture because every day someone who's under the process might fall into a different category. Correct. Because it changes every month. Well, and then Congress passed another law, so it changed again. Correct. So in your circumstance, by sitting here and waiting, right or wrong, you've now fallen into one of those catch-22s. She says, no, we've got to follow the law because the system has to work. And what's your best case of how you can get the relief that you want for the time passing for five years? Well, first of all, I'd like to call it that we weren't passing, waiting. We were making a good faith effort to legalize our client, that he wasn't trying to sit in and abuse the law. He was going through the proper channels to get his status to his U.S. citizen wife. Best case, we believe he should be remanded to the court. Basically, there's no more INS motions to join. This is it. They're not joining anything. The respondent basically stated that all he had to do was leave the United States and legalize like he should have. Well, it's not as easy. The problem is he had this attorney who told him he could do it, who filed the motion to reopen, who did the wrong thing, and now he's stuck. Well, he also says that you're not making an effective assistance account. Well, we are. He was. It was clearly this Mr. Anaya filed the wrong thing in the wrong place, and the petitioner couldn't leave. He is in the United States, and nothing bars him at this point from being eligible for adjustment of status. There's no quota. He's not taking anyone's spot. The time to anyone else is minimal. He already has an approved I-130. There's no bars. It's very minimal, if any, inconvenience to the immigration system. There's nothing that bars him, and such is the system. Five years have passed. He's accrued it, and it happens every day. Case law changes. People are remanded to court. And I don't think this is any different. Thank you. Thank you. The matter will stand submitted and come to Wynjaus v. Ashcroft. Thank you. Thank you.
judges: B. Fletcher, Pregerson, Brunetti